**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

EMERALD COAST FINEST
PRODUCE COMPANY, INC.,

       Plaintiff,

v.                                        Case No.: 3:07cv132/RV/MD

QSR GROUP THREE, LLC, dba
CHURCH'S CHICKEN, and
CLINTON V. BARROW,

       Defendants.
_____/

**ORDER**

      Plaintiff filed this action on March 26, 2007, generally seeking relief under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. §§ 499a *et seq*. Plaintiff served Defendant QSR Group Three, LLC with process on April 2, 2007, and served Defendant Clinton V. Barrow on April 4, 2007, both by certified mail. Neither defendant answered or responded to the complaint within 20 days, and Plaintiff now moves for entry of default judgment (doc. 8).

      Rule 4(e) of the Federal Rules of Civil Procedure provides, in relevant part, that service of process upon an individual located within the United States may be accomplished in one of two ways: (1) pursuant to the law of the state in which the district court is located or in which service is effected, or (2) by personally delivering a copy of the summons and complaint to that individual or by leaving copies thereof at the individual's "dwelling house or usual place of abode" with a person of suitable age and discretion residing there. See Fed. R. Civ. P. 4(e)(1)-(2). Similarly, Rule 4(h) provides that service upon a corporation or association may be perfected according to state law, or by personally delivering the process "to an

officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." See Fed. R. Civ. P. 4(h)(1). Service by certified mail is not personal delivery, and, therefore, it is not sufficient under federal law. See Fed. R. Civ. P. 4(e), (h); Taylor v. Bailey, 2006 WL 3191185, at *2 (N.D. Ga. Oct. 30, 2006) (observing that, under federal law, "there is no provision for service of process . . . by certified mail" for individual or corporate defendants). In addition, service by certified mail is generally insufficient under Florida law. See Fla. R. Civ. P. 1.070; Transport & General Ins. Co. v. Receiverships of Ins. Exchange of the Americas, Inc., 576 So.2d 1351, 1352 (Fla. 1st DCA 1991) ("There is no statutory authority, or authority under Rule 1.070, Florida Rules of Civil Procedure, for serving appellant only by certified mail, as was done here."); Hicks v. City of Hialeah, 647 So.2d 984 (Fla. 3d DCA 1994) (service of process by certified mail ineffective); Paredes v. Cochran, 666 So.2d 991 (Fla. 4th DCA 1996) (same).

   While Rule 1.070(i) of the Florida Rules of Civil Procedure does provide that a defendant "*may*" accept service of the complaint by mail, that is only if the defendant consents and waives personal service. See, e.g., Trawick's Florida Practice & Procedure at § 8:3 (2007 ed.) (service by mail is allowed under Fla. R. Civ. P. 1.070(i) if the defending party waives personal service by signing and returning an "acceptance form"). Similarly, under Rule 4(d) of the Federal Rules of Civil Procedure, a defendant may waive personal service and accept process by mail if the defendant consents upon request. However, there is no indication here that Plaintiff asked Defendants, or that Defendants agreed, to waive personal service and accept the complaint by mail under Fla. R. Civ. P. 1.070(i)(2) or Fed. R. Civ. P. 4(d).

Inasmuch as Defendants have not been properly served under the federal or state rules, the motion for default judgment (doc. 8) must be, and is, DENIED.

DONE and ORDERED this 24th day of May 2007.

*/Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

*Case No.: 3:07cv132/RV/MD*